# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF WILLIAM J. CROCK, BAR NO. 10560.

No. 71491

FILED

JUL 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney William J. Crock be suspended from the practice of law in Nevada for 5 years based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct). The hearing panel also recommended that Crock pay $13,153.78 in restitution, and pay the actual costs of the disciplinary proceedings and $3,000 in fees. Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Crock committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the charges alleged in the complaint are deemed admitted

17-24681

because Crock failed to answer the complaint and a default was entered.[1] SCR 105(2). Based on the default, Crock knowingly violated RPC 1.3, RPC 1.4, and RPC 1.16 by failing to communicate with his clients or terminate his representation of the clients; charging and retaining fees and abandoning his legal practice without performing the legal services for which he was retained, resulting in the dismissal of one case; and failing to disburse settlement funds for a client. He also knowingly violated RPC 8.1(b) by failing to cooperate in the disciplinary investigation and ignoring all communication sent by the State Bar regarding the complaint. Based on those violations and evidence that Crock failed to respond despite receiving the complaint and other documentation, the record establishes that he knowingly violated RPC 8.4(d).

Turning to the appropriate discipline, although the hearing panel's recommendation is persuasive, our review is de novo. SCR 105(3(b)); *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Crock violated duties owed to his clients and the profession. The panel found the conduct of abandoning his practice and clients was "with knowledge" but "without conscious objective or purpose to

---

[1]The State Bar sent the complaint, notice of intent to default, notice of formal hearing, and notice of default hearing to Crock by regular and certified mail and by personal service. The State Bar also contacted Crock at his last known email address, but received no response.

accomplish a particular result." The four clients involved were injured as a result, in that they received little or no legal services in exchange for the fees they paid to Crock, with resulting adverse consequences. The hearing panel found the following aggravating circumstances under SCR 102.5(1): dishonest or selfish motive, pattern of misconduct, multiple offenses, obstruction of the disciplinary proceeding by intentionally failing to comply with rules or order, refusal to acknowledge wrongful nature of conduct, vulnerability of victim, and indifference to making restitution. An absence of prior disciplinary record was the only mitigating circumstance the panel found under SCR 102.5(2). Considering all of these factors, we agree that a suspension is warranted, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.42 and 7.2 (Am. Bar Ass'n 2015), and that the recommended suspension of five years is sufficient to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession, *see State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). We also agree that Crock should be required to pay restitution to the clients named in counts 1, 2, and 4 in the amounts recommended by the hearing panel, including the settlement proceeds owed to the client named in count 4 if Crock is unable to provide proof within 30 days from the date of this order that those proceeds previously were disbursed to the client's lienholders.

Accordingly, we hereby suspend attorney William J. Crock from the practice of law in Nevada for a period of 5 years commencing from September 25, 2015, the date of his administrative suspension. Crock shall pay restitution as described above within 30 days from the date of this order, and shall pay the costs of the disciplinary proceedings,

plus fees in the amount of $3,000. *See* SCR 120(1). The parties shall comply with the relevant provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
William J. Crock
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

